IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| JOHN RAYMOND MAGGARD, JR., ) | |
| JULIE KAY MAGGARD, ) | Bankruptcy No. 12-01053 |
| ) | |
| Debtors. ) | |

## ORDER RE: OBJECTION TO EXEMPTIONS

This matter came before the undersigned for hearing on September 6, 2012. Attorney Larry S. Eide appeared as Trustee. Attorney Charles A. Walker appeared for Debtors John and Julie Maggard. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF THE CASE

Trustee objects to exemption of a life insurance policy. He argues Iowa law does not allow exemption of a life insurance policy which lists Debtor Julie Maggard's parents as beneficiaries. Debtors assert their children are the intended beneficiaries of the policy. The Court concludes that the policy is exempt because the parties intended that the grandparents would hold the proceeds of the policy for the benefit of Debtors' children.

**FINDINGS OF FACT**

Debtor Julie Maggard is the owner and insured under a whole life insurance policy with Thrivent Financial for Lutherans Life. Her parents, Leslie and Harriett Bothne, purchased this policy when Ms. Maggard was three years old. In 1982, they transferred ownership of the policy to Ms. Maggard. The Bothnes have always been the designated beneficiaries on the policy. As of May 7, 2012, the policy had a cash surrender value of $4,147.79.

Trustee filed an objection to Debtors' exemption of the cash value of this life insurance policy. He asserts that since the beneficiaries are not Debtors' "spouse, children or dependents," the policy is not exempt under Iowa law. Ms. Maggard testified that her parents are not dependent on her for their living expenses in any way.

Debtor argues that although Ms. Maggard's parents are the named beneficiaries, they understand that the proceeds of the policy would be used for the their grandchildren, Debtors' children. The Bothnes' affidavit to that effect is attached to Debtors' resistance to the objection to exemption. Ms. Maggard agreed at the hearing that she has two children and one of them is still going to school and dependent on her. She testified she has an agreement with her parents that they

2

would take care of her children with the proceeds of the life insurance policy. Debtor stated she didn't think her children could collect as beneficiaries if they were minors.

Harriett Bothne, Julie Maggard's mother, testified that if something had happened to Julie the proceeds of the life insurance policy would have gone to her sons. If the children were younger, she and her husband would have used the proceeds to take care of them. Mrs. Bothne stated it was agreed with her daughter that they would take care of her children.

Leslie Bothne, Julie Maggard's father, testified that he didn't realize he was still a beneficiary of the life insurance policy. He stated he had an understanding with Julie that if anything came from the policy it went to her children. He also noted that when the policy began, Julie was three years old and didn't have any children. Both Mr. and Mrs. Maggard stated they were not aware of any written document requiring that they use the proceeds of the policy for the benefit only of Julie's children.

In the afternoon after the hearing, Counsel for Debtors emailed the Court with a case citation. The email shows a copy was sent to Trustee Larry Eide. The case

citation is In re Shearer, No. 97-01020 (Bankr. N.D. Iowa Aug. 20, 1997) (Kilburg, J.).

## CONCLUSIONS OF LAW

Under Iowa Code section 627.6(6), a debtor may hold exempt an interest in a life insurance policy owned by the debtor "if the beneficiary of the policy is the [debtor's] spouse, child, or dependent." In Shearer, this Court stated that identification of the named beneficiary does not end the analysis under this section. Shearer, No. 97-01020, slip op. at 5. "The Court must determine the intent of the parties." Id. In Shearer, this Court found that the record clearly established that the debtor named her father as a beneficiary with the intent he would act as trustee for her three minor children. Id. at 6. This established an oral trust in the proceeds of the life insurance for the benefit of the debtor's children, and the trust was a qualifying beneficiary under Iowa Code section 627.6(6). Id. In Shearer, the debtor followed the advice of her insurance agent, named her father as beneficiary with his agreement to use the proceeds for her children, and was currently living with her parents with her minor children. Id. at 2.

After reviewing relevant Iowa cases, the Court noted that "Iowa courts have concluded that denomination of a beneficiary on a life insurance policy is not

conclusive under all circumstances." Id. at 5.  For example, in Deblois v. Dep't of Treasury/Irs (In re Estate of Deblois), 531 N.W.2d 128, 130 (Iowa 1995), the Iowa Supreme Court stated "[t]he exemption of insurance proceeds payable to a surviving spouse . . . is available whether the insurance proceeds are payable under express policy terms or by operation of law."  The Iowa Supreme Court also noted that when construing the life insurance exemption, it has recognized:

> These statutes . . . plainly establish public policy of the state that the avails of life insurance shall be devoted to the benefit of surviving spouse and children, free from payment of debts.  These statutes are a part of the exemption legislation of the state, the main purpose of which is to support and protect the family, the spouse and children, and to educate and train the young.  Such statutes are to be liberally construed toward effectuating that purpose.

Id. (quoting In re Will of Grilk, 231 N.W. 327, 328 (Iowa 1930)).

In Nebraska, courts have held that a life insurance policy beneficiary may expressly agree to hold the death benefits as trustee for the benefit of others.  Tipp v. Reinbrecht (In re Trust of Rosenberg), 727 N.W.2d 430, 440 (Neb. 2007); Estate of Devries v. Hawkins, 97 N.W. 792 ((Neb. 1903) (concluding beneficiary of policy on life of his son had agreed to hold the proceeds for the benefit of the son's infant daughter).  In contrast, in In re Bunnell, 322 B.R. 331, 335 (Bankr. N.D. Ohio 2005), the court denied an exemption under Ohio law finding that the named beneficiary, a debtor's sister, had no legal obligation to comply with an agreement to

hold life insurance proceeds for the benefit of the debtor's children. In <u>Reief v. Buttman (In re Rief)</u>, Bankr. No. 05-36515, Adv. No. 07-2284, 2008 WL 168951 at *4-6 (D. Md. Jan. 15, 2008), the court considered but did not decide whether there could be some circumstances where a clear intent to benefit an eligible beneficiary would override a named beneficiary under a life insurance policy for exemption purposes. It found the case fell short of showing "clear intent." <u>Id.</u> at *6.

## ANALYSIS

The best statement of the relevant law is the <u>Shearer</u> case decided by Judge Paul Kilburg in 1997. Trustee has not cited any contradictory authority and this Court is aware of none. Based on the foregoing, the Court concludes that the cash value of the life insurance policy is exempt. It is clear from the record that Debtors' children are the intended beneficiaries of the policy, although they are not the named beneficiaries. Debtor Julie Maggard's parents agreed that the proceeds of the policy would go to her children. The Court finds Debtor's parents, Harriett and Leslie Bothnes, to be extremely credible witnesses. At least one of Debtors' children remains at home and dependent on Debtors. Although the circumstances of this case are not as compelling as those in <u>Shearer</u>, the Court concludes that the record is sufficient to establish with great certainty that the true beneficiaries of the

life insurance policy were Debtors' children. Therefore, the cash value of the policy is exempt under Iowa Code section 627.6(6).

**WHEREFORE**, Trustee's Objection to Exemptions is DENIED.

**FURTHER**, the Thrivent Financial for Lutherans Life insurance policy is exempt.

Dated and Entered: April 1, 2013

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE